IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| VICKI ISOME, | ) | |
| RODERICK WILLIAMS, and | ) | |
| ANNIE FRANKLIN, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | CASE FILE NO.: 4:10-CV-83 (CDL) |
| | ) | |
| GOLD CAR LENDING, INC., and | ) | |
| GIL'S AUTO SALES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Gold Car Lending, Inc. ("Defendant Gold") and Gil's Auto Sales, Inc. ("Defendant Gil's")(collectively referred to herein as "Defendants"), by and through undersigned counsel, file their Answer and Affirmative Defenses to Plaintiff's Complaint and state as follows:

## NATURE OF COMPLAINT

### 1.

Answering Paragraph One, Defendants admit that Plaintiffs bring this action under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981") and deny that Plaintiffs where subjected to any discrimination or illegal conduct with regard to the terms or conditions of their employment under § 1981 or any federal or state law.  Further answering, Defendants deny that Plaintiffs have set forth any facts that would entitle Plaintiffs to any equitable or monetary relief, compensatory damages, punitive damages, or attorneys' fees and expenses under § 1981 or any federal or state law.  Defendants deny all remaining allegations.

2.

Defendants deny the allegations in Paragraph Two.

**JURISDICTION AND VENUE**

3.

Answering Paragraph Three, Section (a), Defendants admit that this action presents a federal question pursuant to 28 U.S.C. § 1343.  Further answering, Defendant Gil's admits that it does business in Georgia and that it has an office and registered agent in the Middle District of Georgia.  Defendants deny the remaining allegations in Paragraph Three, Section (a).

Answering Paragraph Three, Section (b), Defendant Gil's admits that it uses real property in the Middle District of Georgia to transact business, that it transacts business in the Middle District of Georgia, and that it derives revenue from within the state of Georgia.  Defendants deny the remaining allegations in Paragraph Three, Section (b).

4.

Answering Paragraph Four, Defendants admit that venue is proper in the Middle District of Georgia and that Plaintiffs performed work in the state of Georgia.  Defendants deny all remaining allegations and deny that Defendants violated any federal or state law.

**PARTIES**

5.

Answering Paragraph Five, Defendants admit that Plaintiffs are African American. Defendants deny the remaining allegations in Paragraph Five.

6.

Answering Paragraph Six, Defendant Gold admits that it is a Georgia corporation licensed to do business in Georgia, that it maintains an office in the Middle District of Georgia, and that it does business within the Middle District of Georgia at 2990 Northlake Parkway,

Columbus, GA, 31909.  Further answering, Defendant Gold admits that J. Gilbert Dyer, Jr. is the Chief Executive Officer of Defendant Gold.  Defendants deny the remaining allegations in Paragraph Six.

7.

Defendants deny the allegations in Paragraph Seven.

8.

Defendants deny the allegations in Paragraph Eight.

9.

Answering Paragraph Nine, Defendant Gil's admits that it is an Alabama corporation licensed to do business in Georgia and that it does business in the Middle District of Georgia. Further answering, Defendant Gil's admits that J. Gilbert Dyer, Jr. at 2990 Northlake Parkway, Columbus, GA, 31909 is its Chief Executive Officer.  Defendants deny the remaining allegations in Paragraph Nine.

## FACTUAL ALLEGATIONS

10.

Answering Paragraph Ten, Defendants admit that Plaintiffs sold automobiles. Defendants deny the remaining allegations in Paragraph Ten.

11.

Answering Paragraph Eleven, Defendants admit that Plaintiffs are African American. Defendants deny the remaining allegations in Paragraph Eleven.

12.

Defendants deny the allegations in Paragraph Twelve.

13.

Defendants deny the allegations in Paragraph Thirteen.

3

14.

Defendants deny the allegations in Paragraph Fourteen.

## COUNT 1

### Race Discrimination:  Violation of § 1981

Defendants incorporate by reference each response and denial contained in the above paragraphs as though fully referenced and repeated herein.  Defendants deny that they have violated § 1981 or that Plaintiffs are entitled to any form of relief.

15.

Defendants deny the allegations in Paragraph Fifteen and further deny that Defendants have violated § 1981 or that Plaintiffs are entitled to any form of relief.

16.

Defendants deny the allegations in Paragraph Sixteen and further deny that Defendants have violated § 1981 or that Plaintiffs are entitled to any form of relief.

17.

Defendants deny the allegations in Paragraph Seventeen and further deny that Defendants have violated § 1981 or that Plaintiffs are entitled to any form of relief.

18.

Defendants deny the allegations in Paragraph Eighteen and further deny that Defendants have violated § 1981 or that Plaintiffs are entitled to any form of relief.

19.

Defendants deny the allegations in Paragraph Nineteen and further deny that Defendants have violated § 1981 or that Plaintiffs are entitled to any form of relief.

## PRAYERS

Answering Plaintiffs' unnumbered "Prayers" following Paragraph 19, including subparts

(a) through (g), Defendants deny all of the allegations contained therein and deny that Plaintiffs are entitled to any form of relief.

All other allegations, claims, and prayers contained in the Complaint that have not been specifically admitted or denied are hereby denied in their entirety.

## GENERAL DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint is barred to the extent that any of the allegations set forth therein fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred to the extent they involve transactions or events which are outside the applicable statute(s) of limitation.

### THIRD DEFENSE

Plaintiffs' claims are barred to the extent they failed to satisfy administrative prerequisites if any, and/or exhaust any required administrative remedies prior to bringing this civil action.

### FOURTH DEFENSE

Plaintiffs are barred from pursuing claims for emotional damages, because Defendants engaged in no acts or omissions which would rise to the level required to sustain liability for such claims.

### FIFTH DEFENSE

Defendants deny that Plaintiffs suffered any emotional, psychological and/or physical damage whatsoever as a result of actions taken by Defendants, and any emotional, psychological or physical condition suffered by Plaintiffs is attributable to causes wholly independent of Defendants' actions.

## SIXTH DEFENSE

Plaintiff cannot recover on their claims to the extent such claims are barred by the doctrines of waiver, unclean hands, estoppel, or laches.

## SEVENTH DEFENSE

Defendants expressly deny that they or any employee under their supervision acted in any manner that violated Plaintiffs' rights, including engaging in any discrimination against Plaintiffs.  If Plaintiffs' rights were violated by an employee of Defendants, such violation occurred outside the scope of employment and without the consent of Defendants.  Defendants neither knew nor had reason to know of any such violation.  Defendants did not condone, ratify, or tolerate any such conduct, but instead prohibited such conduct.

## EIGHTH DEFENSE

Any actions taken by Defendants with respect to Plaintiffs were taken in good faith and based upon legitimate, non-discriminatory, non-retaliatory, and lawful reasons.

## NINTH DEFENSE

Plaintiffs are barred from pursuing claims for punitive damages, because Defendants engaged in no acts or omissions which were motivated by evil intent, evidence a malicious, knowing, oppressive, or fraudulent intent to deny Plaintiffs their protected rights, or are so wanton or willful as to support an award of punitive damages.

## TENTH DEFENSE

Any award of punitive, vindictive, or liquidated damages to Plaintiffs will violate the substantive and procedural safeguards guaranteed to Defendants by the United States Constitution or the Georgia Constitution; any award for such damages is therefore barred.

**ELEVENTH DEFENSE**

Any award of punitive, vindictive, or liquidated damages must be limited in accordance with Georgia and federal law.  Any award of punitive damages, vindictive, or liquidated damages will violate the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and the Georgia Constitution, in that standards for awards of punitive, vindictive, and liquidated damages in Georgia are vague and are not rationally related to legitimate government interests.  Plaintiffs' claims for punitive, vindictive, or liquidated damages are consequently barred.

**TWELFTH DEFENSE**

To the extent that Plaintiffs' Complaint, or any purported cause of action alleged therein, alleges emotional, mental or physical injury, any recovery is barred by the exclusive remedy provision under Georgia's Workers' Compensation Law.

**THIRTEENTH DEFENSE**

Plaintiffs' claims for relief are barred to the extent that they failed to mitigate their damages.

**FOURTEENTH DEFENSE**

Defendants are entitled to a set off against Plaintiffs' damage claims in the amount(s) which Plaintiffs did or could have earned through reasonable efforts, did or could have obtained through unemployment compensation, and amount(s) paid to or on behalf of Plaintiffs by Defendants.  Plaintiffs have had the ability and opportunity to fully mitigate the damages alleged in this action but have failed to make adequate efforts to do so.

**FIFTEENTH DEFENSE**

Defendants may not be held vicariously liable for any damages based on unlawful

employment actions made by their agents, if any are proven, because any such unlawful actions were contrary to Defendants' policies and good-faith efforts to comply with the statutes and applicable laws.

## SIXTEENTH DEFENSE

Any award of punitive, vindictive, or liquidated damages must be limited in accordance with all applicable Georgia and federal statutory and decisional law limiting such damages.

## SEVENTEENTH DEFENSE

To the extent that after-acquired evidence has been, or is, discovered, Plaintiffs' claims for front pay, reinstatement, and equitable relief are barred in whole, and their claims for back pay are barred in part.

## EIGHTEENTH DEFENSE

Even if Plaintiffs could prove an unlawful discriminatory motive for their claims, which Defendants deny exists, Plaintiffs' claims fail in whole or in part because Defendants would have made the same employment decisions notwithstanding any discriminatory motive.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Defendants did not enter into any contracts with Plaintiffs covered under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that any contract made between any of the Plaintiffs and Defendants cannot be imputed to another Defendant because that Defendant is a separate and distinct entity and/or there is no privity of contract.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the conduct or actions taken by any of the Defendants or their agents cannot be imputed to another Defendant because

that Defendant is a separate and distinct entity and/or there is no privity of contract.

WHEREFORE, having fully answered Plaintiffs' Complaint and having pleaded affirmative defenses, Defendants respectfully requests that this Court:

(a)     dismiss the Complaint in its entirety;

(b)     enter final judgment in favor of Defendants, and against Plaintiff;

(c)     award Defendants their attorneys' fees and costs of litigation as may be appropriate under applicable law; and

(d)     award Defendants such other relief as the Court deems just and equitable.

Respectfully submitted this 13th day of September, 2010.


/s/ Tracy L. Moon, Jr.
Tracy L. Moon, Jr.
Georgia Bar No. 518050
James M. Hux, Jr.
Georgia Bar No. 567380
FISHER & PHILLIPS LLP
945 East Paces Ferry Road
1500 Resurgens Plaza
Atlanta, Georgia 30326
(404) 231-1400 Telephone
(404) 240-4249 Facsimile
tmoon@laborlawyers.com

Attorneys for Gold Car Lending, Inc. and Gil's Auto Sales, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| VICKI ISOME, | ) | |
| RODERICK WILLIAMS, and | ) | |
| ANNIE FRANKLIN, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| vs., | ) | CASE FILE NO.: 4:10-CV-83 (CDL) |
| | ) | |
| GOLD CAR LENDING, INC., and | ) | |
| GIL'S AUTO SALES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2010, the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

s/ Tracy L. Moon, Jr.
Tracy L. Moon, Jr.
Georgia Bar No. 518050